# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALVIN A. CASTELLANO,

        Plaintiff,

    v.                                                       Case No. 05-C-1199

SHERIFF DAVID J. CLARK, JR.,
DOCTOR GREBNER,
REGISTERED NURSE JINA, and
UNKNOWN,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. #42), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. #44), GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT (DOC. #45), AND DIRECTING UNITED STATES MARSHAL TO EFFECT SERVICE ON DEFENDANT JAYNA CAVE, R.N.**

Before the court are plaintiff's motion for extension of time, motion for leave to proceed *in forma pauperis*, and motion to supplement. These matters are addressed below.

On March 6, 2007, the plaintiff filed a letter in which he requests "an enlargement of time for just cause." The plaintiff asserts that he has been at a severe disadvantage for the past three months due to being transferred from the Milwaukee County Jail to the Milwaukee Secure Detention Facility to Dodge Correctional Institution. Although the court will grant an extension of time in appropriate circumstances, in this case the plaintiff does not state the purpose for his request. Moreover, no deadlines have been set in this action. Thus, the request is moot.

On March 16, 2007, the plaintiff submitted a Petition and Affidavit for Leave to Proceed In Forma Pauperis. Based on that sworn petition, the court is satisfied that the plaintiff is sufficiently impoverished and should be allowed to proceed *in forma pauperis. See* 28 U.S.C. § 1915.

The plaintiff filed a motion to supplement the complaint along with a proposed supplemental complaint on March 16, 2007. He asserts that the defendants have retaliated against him since he filed this lawsuit. The retaliatory actions are described as excessive cell relocations and prison transfers which has caused the plaintiff's legal materials to be placed into storage and violated his right of access to the courts. In addition, the defendants have discontinued 95% of the plaintiff's medications.

Federal Rule of Civil Procedure 15(d) provides in relevant part:

> (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

There is no unqualified right to file a supplemental pleading. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). Generally, judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are based on the fairness factors the courts weigh when considering motions to amend pleadings under Rule 15(a). *See Glatt v. Chic. Park Dist.*, 87 F.3d 190, 194 (7th Cir 1996). Rule 15(a) states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Notably, the defendants have not responded to the plaintiff's motion. Further, after due consideration, the court will accept the plaintiff's supplemental pleading. *See Marshall v. Knight*, 445 F.3d 965, 970-71 (7th Cir. 2006). Thus, the plaintiff's motion to supplement will be granted. The complaint in this case will consist of the amended complaint (Docket #30) and the supplemental complaint (Docket #45).

Finally, the plaintiff has served defendants Sheriff Clark and Doctor Grebner. He has not been successful in effecting service upon defendant Nurse Jina, although he states that he mailed a service packet to her. The failure to serve defendant Nurse Jina may be due to the fact that she is properly identified as Jayna Cave, R.N. (*See* Answer and Affirmative Defenses.) In any event, since the plaintiff is now proceeding *in forma pauperis*, the United States Marshal will be directed to serve that defendant pursuant to Federal Rule of Civil Procedure 4. *See* 28 U.S.C. § 1915(d). In addition, the plaintiff is advised that he may need to use discovery to discern the identity of the Unknown defendants.

Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for extension of time (Doc. #42) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #44) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement (Doc. #45) is **GRANTED**. The complaint in this case consists of the amended complaint (Doc. #30) and the supplemental complaint (Doc. #45).

**IT IS FURTHER ORDERED** that defendant Clark is properly identified as Sheriff A. Clarke, Jr.; defendant Grebner is properly identified as Dr. Michael Grebner; and defendant

Nurse Jina is properly identified as Jayna Cave, R.N.  The Clerk shall make the necessary corrections to the docket.

**IT IS FURTHER ORDERED** that the United States Marshal serve defendant Jayna Cave, R.N. pursuant to Federal Rule of Civil Procedure 4.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge